## PERALTA *v.* CASTRO.

On the trial of an issue of fact, involving the validity of a will, a subscribing witness thereto is not rendered incompetent as a witness, by holding lands devised therein, in trust for a devisee, and without having any interest himself therein.

And where such trustee had executed a covenant of warranty to a purchaser of a portion of such lands, but was fully indemnified against loss thereby, by the *cestui que trust,* and also held what he thought a sufficient portion of the purchase money so received, as further indemnity, he is a competent witness.

Where the deed to the trustee, and his covenant of warranty, were given in evidence to support the objection to his competency, by which it appeared that the land was conveyed to him absolutely, and that he had conveyed a part, with covenant of warranty, but it appeared from his examination on his *voir dire* that the trust existed by parol, and that he really had no interest therein, and was indemnified against loss by his warranty, *Held,* that the question as to the admissibility of such parol evidence to contradict or vary the terms of the instrument under seal, could only properly arise in a suit between the trustee and the *cestui que trust,* upon a denial of the trust by the grantee, and that for the purposes of the examination, the evidence on the *voir dire* is admissible.

Where a bill alleges a parol trust, it seems that it must be denied: And a general demurrer will not lie.

APPEAL from the Probate Court of Santa Clara County.

This was an application to admit to probate the will of Luis Peralta, deceased. Oppositions to the probate of the will were filed by a large number of the heirs at law of the testator, and a number of issues of fact joined, principally relative to the mental condition of the testator at the time of the execution of the will, and alleged coercion employed to obtain its execution, which were transmitted to the District Court of the Third District for trial.

On the trial the petitioners called as a witness James Alexander Forbes, one of the subscribing witnesses to the will. The contestants objected to his competency, on the ground of interest in the property claimed to be devised by the will.

In support of the objection, the contestants offered in evidence certified copies from the county recorder's office of various deeds from the devisees under the will to Forbes, purporting to convey the land devised absolutely to him; also a covenant of warranty made by Forbes to E.

L. Sullivan, by which the former agreed to warrant and defend the title of the latter to certain town lots bought by him, and included in the tract, against the claims of the contestants. These deeds were objected to by the petitioners, and excluded, but the objection was afterward withdrawn, and they were admitted in evidence. Forbes was then examined on his *voir dire*, and testified that he had taken deeds from the petitioners merely as their agent, and because of their incompetency to transact business: that he was not interested in the land to the extent of one dollar; that he was fully indemnified against loss on his covenant of warranty to Sullivan, by Antonio M. Peralta, the devisee, on whose behalf, though in Forbes' name, the warranty was made. That besides a written undertaking of indemnity from A. M. Peralta, the witness had received $20,000 of the money arising from sales of land, which he held as a further indemnity, and with which he was satisfied. On this testimony, and the documentary evidence, the contestants moved to exclude the witness, which motion was granted by the Court, the petitioners duly excepting. The several issues being tried before a jury, and a special verdict rendered that the testator was not in his sound mind at the date of the execution of the will, the petitioners moved for a new trial, which was denied, and the case was sent back to the Probate Court, where judgment was rendered denying the prayer of the petitioner, who thereupon appealed.

*Baldwin & Bowman* for Appellants.

1. The District Court erred in rejecting Forbes, the subscribing witness to the will, on the ground of interest.

2. Practice Act, § 392, prescribes the test, which is the same as that laid down in the same words in Greenleaf's Evidence, Vol. I, § 390; Blake v. Irish, 8 Shepley, Maine R., 450; Smith v. White, 5 Dana, 383; 5 B. Munroe, 57; 1 Richardson, 240; U. S. Digest, Vol. III., p. 688, Title Witness; Smith's Leading Cases, p. 51; 9 Adolph & Ellis, 314; Ib., 44; 1 T. R., 300; 1 Greenleaf's Ev., § 390; Johnson v. Cunningham, 1 Ala. R.; Phillips' Ev., 3d Ed., Vol. I, p. 124; 1 Phillips' Ev., 433; 1 Mod., 107; 2 J. J. Marshall R., 332, McDaniel's Will; 8 Geo. R., 354; 1 Dev. & Bat., 452; 1 Jones Penn. R., 170; 5 Denio, 516; 2 McLean R., 422; 2 Yates, 219.

3. To disqualify a witness by his own act, the act must be done with the concurrence of the party calling him. See above cases. Forbes was a mere agent, and therefore *ex necessitate* competent. 13 Mass., 380.

4. He was indemnified, and therefore competent; 7 Cowen, 358; and the mere fact that he had a remedy over, was sufficient. 14 Wend. 593; 17 Ib., 18; 18 Wend. R., 490; 5 Watts & Serg. R.

5. The record of judgment in this, could not be read against Forbes, but at most against the vendee for Forbes; this is not sufficient; it must be read against the witness. 1 Moore & Payne, 653; 1 Greenleaf's Ev., § 397; 3 Esp., 99; 4 Geo. R., 287.

6. It is doubtful if the decree could be read against the devisee under

the will; but certainly it would not be read against a vendee of the devisee under the will, having no notice and being no party to the decree.

7. It is no answer that the deed to Forbes was absolute. He was still trustee, and proclaimed the trust, and disclaimed any interest, save that of trustee. Parol evidence was admissible to show the character in which he held. Story's Eq. Juris., § 1197, p. 605; the evidence showed a resulting trust; § 1197–8–9; 1 Johns. Ch. R., 582; 10 Vesey, 511; 1 Johns. Ch. R., 582; 2 Johns. Ch. R., 404; and this, though a money consideration appears in the deed.

——— *Williams* for Respondents.

Forbes was not a competent witness—

I. He would gain or lose by the direct legal operation of any judgment that could have been ordered, as a subsisting grantee of the Peraltas.

A judgment in favor of the will, would, by direct legal consequence, establish his title under the will, against the heirs at law. G. Ev., § 550. But it is said that Forbes held in trust.

1. The fact was not found, (G. Ev., §425,) and there was no circumstantial evidence, rebutting the statements of the witness on the *voir dire* particularly the suppression of the written declaration.

2. Parol evidence was inadmissible, to establish a trust. 1 J. Ch., 339; 4 Eng. Ch., 423; Hill on Trustees, 149.

Should the witness keep the alleged trust, it would be a mere benevolence.

II. The judgment would itself effect a partial breach in Forbes' covenant with Sullivan; and in an action by S. *v.* F., the record of the judgment would be evidence to prove the evil it had wrought. Practice Act, § 59; G. Ev., §§ 386, 390, 393; 3 Paige, 238; 2 Mass., 202; 19 Eng. Ch., 111; 6 Paige, 76; 2 Yeat., 210; 3 Lett., 395; 18 John., 60; Breese, 278; 2 Binn., 95; Ib., 108; 6 Conn., 494; 4 Mass., 441; 6 Binney, 500; 5 Vt., 209; 2 A. K. Marshall, 594; 2 John., 394; 6 Greenleaf, 364; 2 Shep., 30; 10 N. H., 20; B. W. and Story, 526.

III. It is said, that in the matter of the Sullivan deed, F. acted as agent of Peralta, and was fully indemnified.

1. The fact of agency not found, and the evidence was not uniform in its tendencies.

2. No finding on the adequacy of the alleged indemnity, and that was a matter of discharge.

It is said that the witness professed himself "satisfied" with the indemnity. Gr. Ev., § 387; 17 Pick., 273, for answer.

IV. It is said that F. could not disqualify without the concurrence of the party.

1. It turns upon the question of "good faith." G. Ev., § 418. And here there was no evidence to show bad faith in the witness, or in any one of the contestants.

2. But here the disqualification was by the act of the party calling the witness.

It is said that Forbes was a mere agent, and, therefore, *ex necessitate,* was competent.

1. The fact of agency not found.

2. The relaxation of the rule rests upon public policy, and is confined to matters of trade and traffic.   G. Ev., 416.

The opinion of the Court was delivered by Mr. Justice TERRY.   Mr. Chief Justice MURRAY concurred.

On the trial of an issue of fact involving the validity of the will of Luis Peralta, deceased, the appellants offered as a witness one J. A. Forbes, a subscribing witness to said will.   The respondents objected to the competency of the witness, and in support of their objection produced the record of certain deeds executed by two of the appellants in favor of witness, conveying certain lands inherited from Luis Peralta, being part of the property devised by said will; also a certain agreement between witness and one Sullivan, in which witness bound himself to warrant the title of certain land, sold by him, as assignee of one of the appellants against the claims of the heirs of Luis Peralta.   Witness being examined on his *voir dire,* stated, that the conveyances had been executed for the purpose of enabling him to manage and dispose of the property for the benefit of the grantors ; that he paid no consideration for said conveyances, and was not interested in any part of the land conveyed.   Witness also stated that he had executed the agreement with Sullivan; that he had retained in his hands a portion of the purchase money of the lands, as indemnity against his liability upon the warranty, and had been fully indemnified by Antonio Peralta against all liability by reason of the contract.

The Court below held that the witness was incompetent, because, as a subsisting grantee of a portion of the lands devised, he had a present, certain, and vested interest in the proceeding; as a judgment sustaining the will would establish his title against the heirs-at-law, and also because of his contract of warranty.

The tendency of the modern decisions is against the exclusion of witnesses, and many matters which formerly were held to render a witness incompetent, now only go to affect his credibility.

" It is a general rule, that a witness will not be incompetent on the ground of interest, unless the alleged interest be certain in its nature ; for if it be a matter of uncertainty, whether the witness will gain or lose by the event of the cause, it cannot be said of him, that he is in fact interested, and his testimony will, therefore, be received."   1 Phillips' Ev., 86.

This principle is also announced by Greenleaf, who says, that " The interest must be a present, certain, and vested interest, and not uncertain, remote, or contingent, and if the interest be of a doubtful nature, the objection goes to the credit of the witness, and not to his competency."   See 1 Gr. Ev., 390.   Again he says, " The true test of the

interest of the witness is, that he will either gain or lose by the direct legal operation, or effect of the judgment, or that the record will be legal evidence for or against him in some other cause." This test was adopted by our Legislature in the precise language of Mr. Greenleaf. See Practice Act, 392.

It is evident that the interest of Forbes, arising out of his contract with Sullivan, was not a present or certain interest; he testified that he had been fully indemnified by Antonio Peralta, and that he had retained in his hands a portion of the purchase money of the lands which he thought sufficient for his indemnity. It also appears that the assignor of Forbes, for whose benefit the contract was made, was one of the heirs at law of Luis Peralta, and it is not shown, that his distributive share of the estate is not greater than the lands mentioned in the warranty. This being the case, it would be in the power of the Court, in making a distribution of the estate, to so apportion the lands, as to confirm the disposition so made.

The effect of the conveyances from Peralta to Forbes, made under the circumstances stated, was, that a trust, by operation of law, resulted in favor of the grantor.

Before the Statute of Uses, "if a person had conveyed his lands to another, without any consideration or declaration of the use of such conveyance, he became entitled to the use or permanency of the profits of the land so conveyed. This doctrine was not altered by that statute, and, therefore, it became an established principle, that where the legal seizin and possession of lands is transferred by any common law conveyance or assurance, and no use is expressly declared, nor any consideration or evidence of intent to direct the use, such use shall result back to the original owner of the estate." Greenleaf's Cruise, tit. XI, ch. 4, § 16. See also Hill on Trustees, 107, and cases cited.

But it is said that the conveyances to Forbes are absolute on their face, and that parol evidence is not admissible to contradict or vary the terms of a written contract. On this question, the authorities are not uniform; but it is settled, that a plaintiff is entitled to an answer to allegations contained in a bill suggesting the existence of a parol trust; and a general demurrer to a bill of that nature will be overruled. See Hill on Trustees, 61, and cases cited. If he denies the trust in his answer, then it appears that no parol evidence will be admitted to establish it; though it has been held that any admission in writing, such as the entry in a book of accounts, of payment of money on account of the trust, or a letter acknowledging the trust will be sufficient to take the case out of the Statute of Frauds. See Osborn v. Endicott, decided April T., 1856.

A question of this kind could only arise in a suit between the trustee and cestui que trust, upon a denial of the trust by the grantee; here the grantee avows the trust, and no authority has been adduced to show that a parol agreement in contradiction to the terms of a deed, may not be established by the admission of the party.

The authorities cited by the respondent are cases in which the allegations of trust were denied by the grantees, except the case of Seman v. Whitney, 4 Eng. Ch. R. In that case the grantee having died after

devising the property, it was held, that in a contest between the grantor and the legatee, parol proof was not admissible to contradict the deed.

Forbes, being a mere naked trustee, having no beneficial interest in the land, was a competent witness. 1 Phil. Ev., 124.

Judgment reversed, and a new trial ordered.